THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.,

v.

JAMES H. LEATON ET AL.

*Appeal Bond—Defect in Form—Approval by Clerk—Action on Official Bond.*

1.   When the Circuit Court makes an order allowing an appeal to this court on bond being filed, " with security to be approved by the clerk," the clerk is not bound, at his peril, to see that the bond presented is correct in matters of form.

2.   Where a defective appeal bond has been filed and treated by all parties as sufficient, an action on the official bond of the clerk does not lie.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. BLADES & NEVILLE, for appellants.

Messrs. KERRICK, LUCAS & SPENCER and JOHN J. MORRISSEY, for appellees.

CONGER, J.   This was a suit brought by appellants against appellees on the official bond of appellee, James H. Leaton, as clerk of the Circuit Court of McLean County.

The declaration alleged that Leaton, as such clerk, approved an appeal bond in the case of Wm. J. Brownell and John E. Pollock against Charles D. Hank, that was appealed from the McLean Circuit Court to this court; that such appeal bond was defective in form in this: that Brownell alone was named in such bond as the obligee, omitting from the bond the name of Pollock, his co-plaintiff, and that thereby and in consequence of said clerk's failure to take a bond good in form, appellants have been injured.

A general demurrer to the declaration being sustained, the suit was dismissed.   The single question presented is whether,

under the facts alleged in the declaration, the clerk of the Circuit Court, when the court makes an order allowing an appeal on bond being filed, " with security to be approved by the clerk," must, at his peril, see that the bond presented to him, in matters of form, contains the recitals and conditions required by law.

The statute provides that the appellant shall " give and file in the office of the clerk of the court from which the appeal is prayed, bond, in a reasonable amount to secure the adverse party, to be fixed by the court with sufficient security to be approved by the court." 68 Sec. Practice Act.

The clerk of the court may, by order of the court made at the time of praying the appeal and entered of record, approve of the security offered upon such bond." 69 Sec. Practice Act.

Here a bond was filed apparently in the case, and treated at the time by all parties as a bond sufficient to perfect the appeal, and which in fact, did produce the delay usually following an appeal. No demand was made upon the clerk to issue an execution, and we think under such circumstances no liability attached to the clerk because of the informality of the bond.

Had it been demanded of the clerk that he ignore the bond and issue an execution, it might be the duty of the clerk to determine, at his peril, such a question as to the sufficiency of the bond, but this view of the case not being presented by the record, it is unnecessary to pass upon it.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*